UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CAPSTONE STUDIOS, CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>DOE,<br><br>Defendants. | CIV. NO. 25-00416 SASP-WRP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE
A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Before the Court is Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed on September 25, 2025. See Motion, ECF No. 8. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on careful review of Plaintiff's Motion and the relevant legal authority, the Court GRANTS Plaintiff's Motion.

BACKGROUND

In the Complaint, Plaintiff alleges violations for direct copyright infringement pursuant to 17 U.S.C. § 101, et seq., against "Defendants Doe" (Doe Defendants). See Complaint, ECF No. 1. According to Plaintiff, Doe Defendants, without Plaintiff's permission or consent, downloaded and distributed a motion

picture whose registered copyrights are owned by Plaintiff. See id. ¶¶ 17, 23, 55, 60, 62. Plaintiff alleges that Doe Defendants used a file sharing protocol to reproduce, distribute, display, or perform Plaintiff's works. See id. ¶¶ 27-56. Plaintiff alleges that this conduct has infringed Plaintiff's exclusive rights, in violation of 17 U.S.C. § 106(1), (3)-(5) and § 501, causing Plaintiff monetary damages and irreparable harm. See id. ¶¶ 64-68.

Plaintiff does not know the names or addresses of Doe Defendants. See Motion, ECF No. 8-1 at p. 2. However, Plaintiff has been able to identify the Internet Protocol ("IP") addresses that Doe Defendants used and the dates and times that the alleged infringement occurred. See Complaint, ECF No. 1-3. Plaintiff has also identified the Internet Service Provider ("ISP") for the IP addresses as Verizon Wireless. See id.

In the present Motion, Plaintiff seeks permission to take early discovery through a subpoena to the ISP to determine the names and addresses of the subscribers connected to the IP addresses that have been linked to the alleged infringement of Plaintiff's work. See Motion, ECF No. 8.

DISCUSSION

Unless authorized by a court order, a party is prohibited from seeking discovery before the parties' Federal Rules of Civil Procedure Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1). In rare circumstances, "courts have

2

made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

　　　　If the identity of a defendant is unknown, the Ninth Circuit has held that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642 (citations omitted). To determine whether a plaintiff has established good cause to conduct early discovery to identify unknown defendants, courts consider if the plaintiff has made a prima facie showing of infringement, if the plaintiff has identified the unknown defendants with sufficient particularity, and if the requested discovery is likely to lead to identifying information. See Patrick Collins, Inc. v. Does 1-1219, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted). For purposes of this Motion, the Court finds that

Plaintiff has made a sufficient showing to establish good cause to engage in early

discovery to obtain information that may help Plaintiff identify Doe Defendants.

First, Plaintiff has made a prima facie showing of copyright

infringement.  Plaintiff has alleged that: (1) it owns and has registered the

copyrighted works at issue; (2) Doe Defendants reproduced and distributed those

works without authorization; and (3) Plaintiff was damaged by Doe Defendants'

actions.[1]  See Complaint, ECF No. 1 ¶¶ 17, 23, 55, 57-68.  These allegations are

minimally sufficient to state a claim for copyright infringement at this stage of the

proceedings.  See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).

However, the Court notes that Plaintiff cannot rely on its bare allegations that Doe

Defendants are the registered subscribers of the IP addresses associated with

infringing activity to state a plausible claim for direct copyright infringement on

the merits.  See Cobbler Nevada, LLC v. Gonzales, 901 F.3d 1142, 1144-45 (9th

---

[1] The Court notes that the damages awarded in these types of cases are frequently limited to the statutory minimum.  See, e.g., Hunter Killer Prods., Inc. v. Galios, 2019 WL 7822503, at *4 (D. Haw. Dec. 19, 2019), adopted by, 2020 WL 515820 (D. Haw. Jan. 31, 2020) (awarding $750 in statutory damages); Cook Prods., LLC v. Szerlip, 2017 WL 4883220, at *3 (D. Haw. Oct. 30, 2017) (same); ME2 Prods., Inc., v. Pumaras, 2017 WL 4707015, at *2-*3 (D. Haw. Oct. 19, 2017) (same); ME2 Prods., Inc. v. Ahmed, 289 F. Supp. 3d 760, 764 (W.D. Va. 2018) (stating that courts across the county "award the minimum statutory award of $750.00 per violation" in infringement cases brought by "copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and [who] file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements.") (citations omitted).

Cir. 2018) (holding that the plaintiff had to "allege something more to create a reasonable inference that [the] subscriber is also [the] infringer" to survive a motion to dismiss).  For purposes of conducting limited early discovery, however, Plaintiff's allegations are sufficient.  See, e.g., Strike 3 Holdings, LLC v. Doe, 2019 WL 591459, at *3 (N.D. Cal. Feb. 13, 2019) (finding similar allegations sufficient for purposes of conducting early discovery); see also Strike 3 Holdings, LLC v. Doe, 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019) (granting request for early discovery and holding that arguments that "other individuals could have used [Defendants'] IP addresses to download Plaintiff's copyrighted movies without Defendants' knowledge" are properly brought in a motion to dismiss after service of the complaint).

        Second, in the Complaint, Plaintiff identified Doe Defendants with as much specificity as possible.  Plaintiff states that Doe Defendants have been observed and documented as infringing on its copyrighted works.  See Complaint, ECF No. 1 ¶¶ 17, 23, 55, 57-68.  Plaintiff alleges that the IP addresses associated with the infringing activity are located in the State of Hawaii, thus, the Court likely has jurisdiction over Doe Defendants.  See ECF No. 1-3.  It does not appear that there are any other steps Plaintiff could have taken to identify Doe Defendants other than to obtain the IP subscribers' identifying information from the ISP. However, as noted above, it is not a foregone conclusion that identifying the

subscribers will necessarily identify the person or persons who committed the alleged infringement here.  See Bodyguard Prods., Inc. v. Doe 1, 2017 WL 10646466, at *2 n.1, (D. Haw. Dec. 20, 2017) ("Case law acknowledges the increasing number of devices and users for each IP address.").

Third, because the subpoena seeks the names and addresses of the IP subscribers associated with the alleged infringing activity, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow Plaintiff to effect service of process on Doe Defendants.  Based on the foregoing, the Court finds that Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct early discovery.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 8, as follows:

1.  Plaintiff is allowed to serve a Rule 45 subpoena on Verizon Wireless to obtain the names and addresses of the subscribers associated with the IP addresses identified in Exhibit 3 to the Complaint.

2.  Plaintiff shall serve a copy of this Order with any subpoena issued pursuant to this Order.

3.  The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

4.  Verizon Wireless shall have 30 days from the date of service upon it to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this Order.  Verizon Wireless may serve the subscribers by any reasonable means, including written notice sent to the subscribers' last known address via first class mail.

5.  The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena.  If that 30-day period lapses without the subscribers contesting the subpoena, Verizon Wireless shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

6.  After Verizon Wireless is properly served with the Rule 45 subpoena as detailed above, Verizon Wireless shall preserve all subpoenaed information pending the production of such information to Plaintiff or the resolution of a motion to quash the subpoena with respect to such information.

7.  Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of protecting its rights as asserted in the Complaint.

8. The deadline to serve Doe Defendants is extended to February 24, 2026.

9. No later than February 6, 2026, Plaintiff shall file a Status Report

regarding its efforts to identify Doe Defendants and amend its pleading.

10. The Telephonic Rule 16 Scheduling Conference is CONTINUED to March 30, 2026 at 8:30 a.m. before Magistrate Judge Wes Reber Porter via Zoom: Dial in number: 1-833-568-8864; Meeting ID: 161 0084 2470.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 29, 2025.



Wes Reber Porter
United States Magistrate Judge

Capstone Studios, Corp. v. Doe; CIV. NO. 25-00416 SASP-WRP; Order Granting Plaintiff's Motion For Leave To Serve A Third-Party Subpoena Prior To A Rule 26(f) Conference.